IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTICT OF TEXAS

DALLAS DIVISION

WAYNE H. NORMAN

Plaintiff,

V.

CIVIL NO. 3:11-CV-1330

RJM ACQUISITIONS, LLC,

Defendant,

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

**1. DATE OF CONFERENCE**

Pro Se plaintiff have attempted on several occasions to accomplish a conference or dialog with defendants legal representative to no avail. Pursuant to Rule 26(f).

**2. STATEMENT OF CLAIMS AND DEFENSES**

The issue at hand in this case is whether the defendant (RJM) had a permissible purpose under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. to obtain a credit report from the plaintiff for collection purposes. The facts of the case are simple. Section 1681b(a) of the Fair Credit Reporting Act ("FCRA") authorizes the furnishing of credit reports "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit, to, or review or collection of an account of the consumer." In _Pintos v Pacific Creditors Association 504 F. 3d 792 (9th Cir.2007)_, the Court

noted that this section does not provide that all "account collection" is a permissible purpose for obtaining credit reports. Instead, this section is limited to collections on an account "in connection with a credit transaction involving the consumer." The Court held that a "credit transaction" requires "voluntary consumer participation," noting "[a] consumer who chooses to initiate a credit transaction implicitly consents to the release of his or her credit report for related purposes." *504 F. 3d at 799*. The court noted that a person is "involved" in a credit transaction for purposes of Section 1681b(a)(3)(A) where she is "draw[n] in as a participant" in the transaction, but not where she is "oblige[d] to become associated" with the transaction. *See Id at 1067*. In this case, plaintiff did not voluntarily seek credit from (RJM). (RJM) is not a creditor. Therefore, Section 1681(a)(3)(A) did not authorize the defendant, (RJM) to

Obtain the credit report from plaintiff for collection purposes.

### 4. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties**

No later than 45 days after Scheduling Proposal deadline

**b. Deadline to Amend Pleadings**

No later than 45 days after Scheduling Proposal deadline

**c. The likelihood that other parties will be joined**

No likelihood other parties will be joined

**d. Discovery Cut-off**

   Not more than six months after Scheduling Proposal deadline. This period includes both fact and expert discovery. Any longer periods proposed by the parties must be fully justified by the Court.

**e. Dispositive Motion Deadline**

Not more than 30 days after Discovery Cut-off

## 5. ELECTION OF MAGISTRATE JUDGE

Plaintiff consents to a magistrate judge for jury trial pursuant to 28 U.S.C. Section 636(c).

## 6. DISPUTE RESOLUTION

Plaintiff submits to the Court that it is advisable to refer this case for alternative dispute resolution after Discovery.

Respectfully Submitted,

Wayne H. Norman

2803 Riverside Parkway Apt. 806

Grand Prairie, Texas 75050

(682) 241- 8688 Telephone

whnorman@hotmail.com Email

BY: /s/ Wayne H. Norman
Wayne H Norman

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTICT OF TEXAS

DALLAS DIVISION

WAYNE H. NORMAN

Plaintiff,

V.

CIVIL NO. 3:11-CV-1330

RJM ACQUISITIONS, LLC,

Defendant,

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document and that a true and correct copy was served on the parties listed below through electronic case filing system if the Notice of Electronic Filing indicated that the parties received it or otherwise by mailing a copy by Certified Mail, to the parties this 8th day of September, 2011.

Keith Weir

24 Greenway Plaza,

Suite 1700

Houston, Texas 77046