IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE H. NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-1330-D |
| VS. | § | |
| | § | |
| RJM ACQUISITIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court denies the July 26, 2011 motion to dismiss of defendant RJM Acquisitions, LLC ("RJM") and the August 3, 2011 motion for summary judgment of plaintiff Wayne H. Norman ("Norman").*

I

Proceeding *pro se*, Norman alleges that RJM violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by obtaining Norman's credit report without a permissible purpose under FCRA. RJM moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that Norman's complaint effectively concedes that RJM had a permissible purpose under FCRA for accessing the credit report.

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

FCRA permits agencies to furnish credit reports only for "certain statutorily enumerated purposes." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (citing 15 U.S.C. § 1681(e)(a); 15 U.S.C. § 1681b). Norman's complaint asserts five instances where RJM allegedly "obtain[ed] without any FCRA-sanctioned purpose, and without authorized consent, a credit report on . . . Norman from Experian Information Solutions, a credit reporting agency." Compl. 3. The complaint does not effectively concede that RJM had a permissible purpose for accessing Norman's credit report. Accordingly, without suggesting a view regarding whether RJM would or would not be entitled to summary judgment, the court denies the motion to dismiss under Rule 12(b)(6).

II

Norman moves for summary judgment establishing his right to recover from RJM under FCRA and FDCPA. Because he is moving for summary judgment on claims for which he will bear the burden of proof at trial, he "must establish 'beyond peradventure all of the essential elements of the claim[s.]'" *Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, 749 F.Supp.2d 486, 494 (N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.)). "Th[is] court has noted that the beyond peradventure standard is heavy." *Id.* (internal quotation marks and citation omitted). Because Norman has failed to meet this heavy burden, his motion is denied.

* * *

The court denies RJM's July 26, 2011 motion to dismiss and denies Norman's August 3, 2011 motion for summary judgment.

**SO ORDERED.**

September 20, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE