IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-1330-D |
| VS. § | |
| § | |
| RJM ACQUISITIONS, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action by plaintiff Wayne H. Norman ("Norman") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, defendant RJM Acquisitions, LLC ("RJM") moves for summary judgment. Concluding the plaintiff has failed to raise a genuine issue of material fact on an essential element of his FCRA and FDCPA claims, the court grants the motion and dismisses this suit by judgment filed today.

I

Norman alleges that, on five occasions, RJM obtained a credit report on Norman from a credit reporting agency, without any FCRA-sanctioned purpose and without his consent.[1] Norman asserts that RJM violated FCRA § 1681n, 15 U.S.C. § 1681n, and FDCPA

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to Norman as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See*, *e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

§ 1692k(2)(A), 15 U.S.C. § 1692k(2)(A), and he seeks statutory and other damages.

RJM maintains that it acquired a portfolio of debts in 2005, including Norman's account. It contends that the only communication it had with any credit reporting agency regarding Norman's indebtedness was to seek what is referred to in the industry as a "soft pull," i.e., a request for updated address information only. RJM moves for summary judgment, contending that, as the owner and holder of Norman's debt, it had the right to collect the indebtedness in question and therefore had a right to obtain a credit report to review and collect on the account. It also argues that Norman's FDCPA claim must fail because there is no evidence that RJM made any misrepresentation. Norman opposes the motion.[2]

II

When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air*

---

[2]After RJM filed its reply brief, Norman filed a motion for leave to file a surreply, arguing RJM "is attempting to have a Summary Judgment on issues that were never alleged by the Plaintiff in his Complaint." P. Mot. for Lv. to File Surreply 2. The court holds that RJM has properly moved for summary judgment on the claims alleged in the complaint, and it otherwise concludes that Norman should not be granted leave to file a surreply. Therefore, his motion is denied.

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if the opposing party fails to meet this burden.  *Little*, 37 F.3d at 1076.

### III

The court begins by considering Norman's FCRA claim.  The plain language of FCRA prohibits anyone from obtaining a consumer report without a permissible purpose.  *See* 15 U.S.C. § 1681b(f).  Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained, and states, in pertinent part:

> (a) In general . . . [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> (3) To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer*[.]

*Id.* (emphasis added).

RJM argues that, because it was the owner and holder of Norman's debt, it had the right to collect the indebtedness in question and it therefore had the right to obtain a credit report either to "review the account (e.g. to determine what steps would be appropriate to

- 3 -

attempt to collect on the account and whether or not to do so) [or] to collect on the account." D. Br. 4; *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (per curiam) (holding that § 1681b(a)(3)(A) authorizes debt collection agency to access debtor's credit report to collect on debtor's delinquent accounts); *Thomas v. U.S. Bank, N.A.*, 325 Fed. Appx. 592, 2009 WL 1385966, at *1 (9th Cir. May 19, 2009) (unpublished opinion) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA.").

Norman does not dispute that, if RJM is the owner of the account, RJM is permitted under FCRA to access his credit report in connection with its collection activities. Instead, Norman argues that RJM is not entitled to summary judgment because RJM has failed to adduce evidence

> to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged account that would give [RJM] a permissible purpose to obtain [Norman's] consumer credit file five times.

P. Br. 12. Norman misunderstands the parties' respective summary judgment burdens as they apply to this issue.

As the movant seeking summary judgment on a claim as to which it will not have the burden at trial, RJM is simply required to point the court to the absence of evidence to support Norman's FCRA claim. *See Celotex*, 477 U.S. at 325. RJM satisfied this obligation by pointing to an absence of evidence that it obtained Norman's credit report without a

"permissible purpose" under FCRA. The summary judgment burden then shifted to Norman to produce evidence that would enable a reasonable trier of fact to find (as pertinent here) that RJM did not own Norman's account. Norman's mere assertion that there is an absence of evidence that RJM was the owner or holder of his debt improperly places the summary judgment burden on RJM and thus does not create a genuine issue of fact that requires a trial. Apart from his assertion, Norman has not produced any evidence to support the reasonable finding that RJM obtained his credit report for an impermissible purpose.

Accordingly, because Norman has failed to meet his summary judgment burden, the court grants RJM's motion for summary judgment dismissing Norman's FCRA claim.

IV

RJM also moves for summary judgment as to Norman's FDCPA claim. Norman alleges RJM violated FDCPA § 1692e, which provides "[a] debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. RJM argues that it is entitled to summary judgment dismissing Norman's FDCPA claim because "[n]o representations, of any kind, were made by the Defendant to any credit reporting agency and no information was furnished by the Defendant to any credit reporting agency. Without making a representation, it is impossible for the Defendant to have made a misrepresentation." D. Br. 5. Norman has failed in his summary judgment response to point the court to any evidence that would enable a reasonable trier of fact to find that RJM made a misleading representation or otherwise acted in violation of the FDCPA. Accordingly, the court grants RJM's motion for summary

judgment dismissing Norman's FDCPA claim.

V

Norman argues in his summary judgment response that summary judgment is improper because discovery has not yet closed.

First, there is a difference between a full opportunity to *conduct* discovery and a full opportunity to *complete* discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment."). The fact that the discovery period has not closed does not mean that granting summary judgment is premature.

Second, the proper procedure for Norman to follow to obtain a continuance for RJM's summary judgment is found in Fed. R. Civ. P. 56(d) (formerly Rule 56(f)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.* Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). It is "usually invoked when a party

claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id*.

"[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc*., 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks omitted) (quoting *Krim v. BancTexas Grp., Inc*., 989 F.2d 1435, 1442 (5th Cir. 1993)). It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington*, 901 F.2d at 1284-85. The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id*. at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp*., 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991) (internal quotation marks omitted)).

Even if the court were to treat Norman's argument as a proper Rule 56(d) motion, he has failed to demonstrate why he needs additional discovery or how the additional discovery would create a genuine issue of material fact. Accordingly, to the extent Norman has

requested a continuance under Rule 56(d), his motion is denied.

* * *

For the foregoing reasons, RJM's May 25, 2012 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

August 8, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE